**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3440-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARGARET AUSTIN,
a/k/a MARGARET A. AUSTIN,

    Defendant-Appellant.

_____

Submitted September 12, 2024 – Decided September 17, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 23-2.

The Law Office of Nicholas A. Moschella, Jr., LLC, attorneys for appellant (Nicholas A. Moschella, Jr., on the brief).

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Terence J. Ford, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Margaret Austin appeals from a June 1, 2023 order denying her petition for post-conviction relief (PCR). We affirm.

In 2015, defendant was arrested for driving while intoxicated (DWI). She appeared before a municipal court judge, pled guilty to the offense, and was subsequently sentenced. At the plea hearing, the State placed on the record that defendant's blood alcohol concentration was 0.05%, and she was unable to safely operate a motor vehicle because of alcohol and prescription medication in her system. The State noted defense counsel had provided evidence showing defendant had a valid prescription at the time of the offense.

The municipal court judge addressed defendant directly and she admitted she consumed an "[a]irplane miniature [size bottle] of alcohol[,]" which affected her ability to operate a motor vehicle. Defendant told the judge, she: understood she was pleading guilty to a DWI; had an opportunity to discuss her plea with defense counsel who "[t]horoughly" answered all of her questions; was satisfied with her attorney's services and advice; and was entering the plea freely, knowingly, and voluntarily.

In 2021, defendant was charged with a new DWI offense. In 2022, she filed her PCR petition asking the municipal court to vacate her 2015 plea, claiming there was an insufficient factual basis and ineffective assistance of

counsel. The municipal court denied the petition and defendant appealed. Judge Jonathan W. Romankow heard the appeal and denied it in a written opinion.

Defendant argued there was excusable neglect for her failure to file the PCR petition within the five-year time-period required by Rule 7:10-2. She asked the court to relax the time-period because her due process rights would be violated if the plea stood because there was an insufficient factual basis. She claimed the municipal judge failed to address: the elements of the DWI offense, the probity of field sobriety tests, the amount of alcohol she ingested, and whether it impaired her ability to operate a vehicle. Also, defense counsel was ineffective because defendant had inadequate time to meet with her to discuss the defense before entering the plea, which rendered the plea invalid since it was not entered knowingly or intelligently. And for the first time, defendant argued her plea was invalid because the municipal judge failed to place her under oath before accepting her plea.

Judge Romankow found defendant had "not presented any facts, explanation, reason or excuse whatsoever as to why she waited almost seven years to file the PCR" petition. Defendant alleged no facts showing "she would suffer an injustice . . . a serious question about her guilt, or the propriety of the

A-3440-22

sentence she received . . . ."  The petition's bare allegations were not grounds to overcome or relax the time limitations in Rule 7:10-2(b)(2).

Notwithstanding the procedural bar, the judge reached the merits of defendant's petition.  He rejected her claim there was an inadequate factual basis for the plea and carefully recited the evidence adduced by the State, as well as defendant's colloquy with the municipal judge, which "encompassed all the essential elements of DWI."  Defendant's admissions that she had consumed alcohol prior to operating a vehicle and that her ability to operate a vehicle was affected by the alcohol and prescription drugs in her system "was all that was necessary to support a valid guilty plea to DWI."  The claim the municipal judge erred because he did not place defendant under oath was not raised in the municipal court and was barred by Rule 7:10-2(d)(1).  The argument was also rejected because an oath was not required by Rule 7:6-2(a)(1), and defendant "failed to provide any facts, argument, caselaw, or anything else to support her contention that the absence of an oath should result in her guilty plea being vacated."

Defendant failed to present a prima facie case of ineffective assistance of counsel because the claim she did not have enough time to meet with her attorney to discuss her defense was based on "bald assertions, with no evidential

4

support . . . ." The judge pointed out defendant had not certified to "specific facts to support her claim." Her "allegations [were] belied by the plea transcript, which reflect[ed] that she discussed the plea with her attorney, that her attorney thoroughly answered all of her questions, and that she was satisfied with her attorney's services."

Defendant raises the following points on appeal:

POINT ONE

THE TRIAL COURT IMPROPERLY RULED THE PETITION FOR [PCR] WAS UNTIMELY AND FAILED TO ENGAGE IN THE APPROPRIATE ANALYSIS AS REQUIRED BY STATE V. SLATER,[1] et. al.

POINT TWO

THE COURT INCORRECTLY RULED THE ORIGINAL GUILTY PLEA OF DEFENDANT WAS SUPPORTED BY AN ADEQUATE FACTUAL BASIS.

POINT THREE

DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL.

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466

---

[1] 198 N.J. 145 (2009).

U.S. 668, 687 (1984), and adopted by the Supreme Court of New Jersey in State v. Fritz, 105 N.J. 42, 58 (1987). A prima facie case is established by first "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and then proving they suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A defendant must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). There must be a "reasonable probability" the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

6

A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion.  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).  We review the legal conclusions of a PCR court de novo.  State v. Harris, 181 N.J. 391, 419 (2004).

Having considered defendant's arguments and the record pursuant to these principles, we affirm substantially for the reasons set forth in Judge Romankow's thorough and well-written opinion.  The judge correctly determined defendant did not establish a prima facie claim of ineffective assistance of counsel or grounds to vacate the plea.  The record indisputably shows the plea proceeding and the plea itself were valid, and we are unconvinced there was either an injustice or violation of defendant's rights to warrant our intervention.  The arguments raised on appeal lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3440-22